UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

in re David Stebbins ) Case No. 24-__24-478__
)
)

### EMERGENCY MOTION TO EXPEDITE CONSIDERATION

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Emergency Motion to Expedite Consideration.

1. For the following reasons, the Court should expeditiously issue the subpoenas I am requesting:

2. Of the three individuals whose legal names and addresses I am seeking to obtain from these subpoenas, two of them committed their infringements long ago. Skibbity committed his infringement on December 20, 2021, and xArtemisWolf committed her two infringements in January of 2022.

3. This means that the statute of limitations will bar my claims against them in December of 2024 and January of 2025, respectively. See 17 USC § 507(b).

4. Therefore, I need the subpoenas immediately, so I can quickly file suit against them without the statute of limitations barring my claims.

5. The reason I took so long to do this is because I *thought* I had to. Back when the claims were brand new, I was interested in filing the claims with the Copyright Claims Board, or CCB for short. However, I still needed to subpoena the respondents' information from Google in order to do so. I sought information pertaining to that, and that search lead me to the following PDF document: **https://ccb.gov/handbook/Infringement-Claim.pdf**.

6. Page 11 of that PDF document deals with obtaining the names and addresses of respondents when I do not already know them. Part of that page says that, if I'm close to the statute of limitations expiring on my claim, I can file the claim tentatively and proceed with subpoenaing their information then. At the time, I interpreted that to mean that, if I was less than 30 days away from the statute of limitations expiring on my claim, I could then file against an unknown respondent (similar to filing against a John Doe defendant in federal court), but that I had to wait until less than 30 days before the statute of limitation ran out in order to do that.

7. I recently re-read this PDF document in order to refresh myself on the rules. I just realized that I was completely wrong. Instead, I can seek a subpoena § 512(h) any time I have a valid claim to copyright infringement. If I was about to run out the clock, I could file a tentative

-1-



claim, and would then receive a 30-day extension to the statute of limitations, but the CCB would not assist me in obtaining the respondents' addresses. The burden of doing that still fell on me and me alone. And if 30 days went by without me getting their address, the claim would still be dismissed.

8. This means that it was foolish of me to wait so long to seek this subpoena. Now that I know better, I'm going to do better in the future. Case in point: I'm also seeking The Spectre Report's information so I can sue him, even though I've got plenty of time before the statute of limitations bars that claim.

9. But as much as I regret this blunder, the bottom line is that I need an expedited consideration of this request for subpoena for the other two individuals. We're almost out of time.

10. Wherefore, premises considered, I respectfully pray that the Court expeditiously grant the request for subpoenas, application for leave to proceed in forma pauperis, motion for ECF access, and motion for marshall service.

So requested on this, the 26th day of September, 2024.

*David Stebbins* (signature)
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com