UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

| | |
|---|---|
| in re DAVID STEBBINS ) | Case No. 25-_____ |
| Petitioner ) | |
| ) | |

## PETITION FOR WRIT OF MANDAMUS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Petition for Writ of Mandamus in the above-styled action.

### I: TABLE OF CONTENTS

| Section | Page |
|---|---|
| I.   TABLE OF CONTENTS | 1 |
| II.  TABLE OF AUTHORITES | 1 |
| III. RELIEF SOUGHT | 2 |
| IV.  ISSUES PRESENTED | 2 |
| V.   FACTS OF THE CASE | 2 |
| VI.  REASONS WHY THE WRITS SHOULD ISSUE | 3 |
| VII.     CONCLUSION | 5 |

### II: TABLE OF AUTHORITIES

**Rules & Statutes**                                                                 **Page(s)**

- 17 USC § 512

- 18 USC § 2511

- 28 USC § 1915

**Case law**                                                                              **Page(s)**

- Anderson v. TikTok, Inc., 116 F. 4th 180 (3rd Cir. 2024)

- Haines v. Kerner, 404 US 519 (1972)

- Madden v. Myers, 102 F. 3d 74 (3rd Cir. 1996)

- Mator v. Wesco Distribution, Inc., 102 F. 4th 172 (3rd Cir. 2024)

### III: RELIEF SOUGHT

I seek a writ of mandamus compelling Distirct Judge Maryellen Noreika of the US District Court for the District of Delaware to bring current Cases 1:24-mc-478-MN (Stebbins v. Google), 1:24-cv-01173-MN (Stebbins v. Doe), and 1:24-cv-01174-MN (Stebbins v. Rumble) in said district. This includes issuing rulings on...

- The Petitions for Issuance of Subpoena Duces Tecum in the first case;
- The sua sponte review of the other two cases that district courts typically make pursuant to 28 USC § 1915(e);
- Possibly also my Motion to Appoint Counsel in the case of Stebbins v. Rumble.

### IV: ISSUES PRESENTED

Whether District Judge Maryelln Noreika has engaged in undue delay in ruling on the straightforward matters of issuing subpoenas to identify the defendants and also ruling on the sufficiency of two fairly straightforward copyright infringement complaints.

### V: FACTS OF THE CASE

1. On or around October 1, 2024, I filed a petition for issuance of subpeona duces tecum with the US District Court for the District of Delaware, seeking to invoke the authority under 17 USC § 512(h) to subpoena the legal names and addresses of several people who I sought to sue for copyright infringement. My grounds for filing in Delaware were that the two respondents – Rumble Inc and Google LLC – were domestically incorporated in Delaware, thereby subjecting them to general jurisdiction in that state and, therefore, general federal jurisdiction in the eponymous federal district court.

2. The case was given Case No. 1:24-mc-478-MN and assigned to District Judge Maryellen Noreika. I will refer to it as "the miscellaneous case" for purposes of this petition.

3. I also filed an emergency motion to expedite consideration, on the grounds that the statute of limitations for some defendants was about to expire. See ECF 5 in that case. This request was denied by the Judge, instead inviting me to file a complaint for copyright infringement against the John Doe defendants. See ECF 6.

4. Pursuant to this invitation, I filed two pro se complaints in the same district. One was just for copyright infringement and was filed against a John Doe defendant who goes by the online psuedonym "Skibbity Dibbity." I will refer to that case as "the Skibbidy case" for purposes of this petition. The other was for both copyright infringement and slander and was filed against a John Doe defendant by the online psuedonym "The Spectre Report," as well as co-defendant Rumble Inc., who was made jointly liable for the slander because of the recent case of Anderson v. TikTok, Inc., 116 F. 4th 180 (3rd Cir. 2024), which made ISPs vicariously liable for tortuous speech which their algorithms distributed. I will refer to this case as "the Rumble case" for purposes of this complaint.

5.      The Skibbity case was assigned Case No. 1:24-cv-01173-MN. The Rumble case was assigned Case No. 1:24-cv-01174-MN. Both were assigned to Judge Noreika.

6.      In all three cases, Judge Noreika granted my application to proceed in forma pauperis, denied without prejudice my motion for authorization to file electronically on a technicality, and then granted my renewed motion for authorization to file electronically once the technicality had been resolved.

7.      That last event happened on November 14, 2024. However, no updates to any of the three cases have been made since, except for the papers which I have filed. As of the time of this writing, more than five whole months have passed and the district court has not issued any ruling on the petition for issuance of subpoena, or the sufficiency of my two complaints pursuant to 28 USC § 1915(e), despite them being based on very straightforward factual allegations and legal theories.

8.      On Thursday, March 27, 2025, I called Judge Noreika's "civil case manager" office at the phone number of (302) 573-4576 to inquire about the reason for the delay. Because federal jurisdiction is subject to one-party consent rules, I was legally allowed to[1] – and therefore did – record the phone call for evidentiary purposes. The recording can be listened to at the following URL: **https://youtu.be/7HU-imAcLNw**.

9.      As you can see, her assistant never picked up the phone, so I left a message on her voicemail. It is now March 31st, 2025, as of the time of this writing, and I still have not received any update from the Court regarding these three cases.

## VI: REASONS WHY THE WRIT SHOULD ISSUE

10.     The case of Madden v. Myers, 102 F. 3d 74, 79 (3rd Cir. 1996) is controlling and instructive here. In that case, the Court declined to issue a writ of mandamus, but made clear that they were prepared to issue it if the district court did not act soon. On Page 79, the Madden court states in pertinent part the following:

> "Madden's claims of delay have greater force. That resolution of Madden's claims has been delayed is clear. The Magistrate Judge's Report and Recommendation was filed in February, 1996. Madden filed objections in March and motions to amend the petition and for appointment of counsel in April. As of the time Madden filed his petition for writ of mandamus, no action had been taken on these motions and no final order had been issued. Although this delay is of concern, it does not yet rise to the level of a denial of due process. We are confident that the district court will issue its decision quickly.
>
> In sum, the motion to proceed in forma pauperis will be granted. Because the provisions of 28 U.S.C. § 1915(b) are inapplicable, no docketing fee will be assessed. The petition for writ of mandamus will be denied. This denial is without prejudice to petitioner filing a new petition for writ of mandamus if the district

---

1   See 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication").

court does not act within 60 days of the date of this order."

11.     The fact that the "claims of delay have greater force" clearly indicates that this is the sort of district court action (or lack thereof) that would make a writ of mandamus appropriate. Here, a similar amount of time has passed from the filing of the miscellaneous case and the writing of this petition: More than five months.

12.     If this Court chooses not to issue the writ this time, I humbly ask that it follow in the Madden court's footsteps and give me a clear amount of time it wants me to wait before I re-file. However, I believe that, unlike in the Madden case, the writ is genuinely warranted here, for one simple reason: The matters to be resolved by the District Court are exponentially simpler than in the Madden case.

13.     In the Madden case, the plaintiff was filing a petition for habeas corpus. This is, quintessentially, the equivalent to a federal appeal of a state criminal conviction. That is an exceptionally complicated petition, taking into account a wide range of procedural, substantive, and evidentiary questions. In effect, it brings up the entire records of the entire state trial court, state appellate court, and state supreme court for review. There are hundreds, if not thousands, of pages that must be reviewed by the federal district court in order to get the full picture. Not only that, but the district court must consider exceptionally complicated questions regarding civil rights, the motives of the prosecution, and whether any violations of rights were harmless error or not.

14.     In the three instant cases, the district court is faced with none of that. For the miscellaneous case, the subpoenas should issue if the two complaints both adequately allege copyright infringement. Simple as that. As for those two complaints, it is important to remember that the court must "accept the factual allegations as true and view them in the light most favorable to the plaintiff." See Mator v. Wesco Distribution, Inc., 102 F. 4th 172, 178 (3rd Cir. 2024). Meanwhile, pro se complaints must be construed liberally. See Haines v. Kerner, 404 US 519 (1972). Therefore, whether or not the two complaints have stated a claim upon which relief can be granted is a very low bar to clear at this stage.

15.     For the Skibbity case, the entire case hinges on one simple question of fact: Did the defendant participate in fixing the stream into a tangible medium? If he did, then he is a co-author thereof and so his reposting of that stream was legal. If he didn't, then he is not a co-author and so his resposting of the stream infringed on my copyright. It's a simple, straightforward theory of liability that is subject to an equally simple and equally straightfoward factual inquiry.

16.     For the Rumble case, fair use is likely to be the defendants' primary defense. However, "it is not necessary to plead facts that disprove fair use to survive a [§ 1915(e) review or a] Rule 12(b)(6) motion to dismiss." See Peterman v. Republican National Committee, 320 F. Supp. 3d 1151, 1157 (MT 2018). So unless the applicability of the fair use defense is immediately apparent from even a casual review of the Complaint, then the Court should withhold judgment on the fair use defense until the defendants have had their day in court, which in turn means that I have adequately stated a claim for copyright infringement.

17.     For the slander claim in the Rumble case, it's also a fairly straighforward legal theory based on a fairly straightforward set of facts: He publicly accused me of violating 17 USC § 512(f)

when I had his infringing reaction stream removed because I didn't consider fair use, and this public accusation was patently and demonstrably false. Therefore, it is slander. Again, I have stated a claim upon which relief can be granted and thus should be allowed to proceed.

18.     Because of how simple these cases are, there is no excuse for the district court taking five whole months to rule on these simple matters. I therefore ask this Court to issue a writ of mandamus compelling the District Court to act. If it chooses not to do so at this time, then I ask that it at least give me a length of time – equally as clear as in the Madden case – for when I can re-file the petition again.

## VII: CONCLUSION

19.      Wherefore, premises considered, I respectfully pray that the Petition for Writ of Mandamus be granted, costs incurred be awarded, and for any other relief to which I may be entitled.

So requested on this, the 31st day of March, 2025.

David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
