# Exhibit F

As mentioned earlier, he copies 100% of my video, literally every single last second of it. This necessarily causes the third factor to weigh against fair use, per se, as a bright line rule. "Copying an entire work weighs against finding a fair use." See Bouchat v. Baltimore Ravens Ltd. Partnership, 619 F. 3d 301, 311-12 (4th Cir. 2010) (quoting Sundeman v. Seajay Society, Inc., 142 F. 3d 194, 205 (4th Cir. 1998)). See also Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F. 2d 1148, 1155 (9th Cir. 1986) ("this court has long maintained the view that wholesale copying of copyrighted material precludes application of the fair use doctrine. The Supreme Court's opinion in Sony Corp., however, casts doubt on our previous pronouncements… However, a subsequent user does not require such complete copying if he is truly pursuing a different functional mileau. Consequently, although wholesale copying does not preclude fair use per se, the amount of copying that the Defendants did in this case still militates against a finding of fair use") (citations and quotations omitted).

**Factor #4: Effect on the market**

"This last factor is undoubtedly the single most important element of fair use." See De Fontbrune v. Wofsy, 39 F. 4th 1214, 1226 (9th Cir. 2022) (citing Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539 (1985)). Moreover, it is the one factor that has been expressly affirmed by the Supreme Court as being singularly capable of negating fair use in its entirety, all on its own. "[T]o negate fair use one need only show that if the challenged use should become widespread, it would adversely affect the *potential* market for the copyrighted work." See Monge v. Maya Magazines, Inc., 688 F. 3d 1164, 1182 (9th Cir. 2012) (emphasis in original). "If the defendant's work adversely affects the value of any of the rights in the copyrighted work … the use is not fair." Harper & Row at 568.

It is also important to note that the defendant necessarily holds the burden of proof on this issue. See Dr. Seuss v. Comicmix, 983 F. 3d 443 (9th Cir. 2020), which unequivocally calls upon the defendant, "as the proponent of the affirmative defense of fair use," to "bring forward favorable evidence about relevant markets," and stating that this is one of the few "absolute statements" when it comes to fair use. See id at 458-60.

That being said, the Defendants copied the entirety of my original video, literally every single last second of it. This constitutes a market substitute, per se.

- See Bouchat v. Baltimore Ravens Ltd. Partnership, 619 F. 3d 301, 313 (4th Cir. 2010) ("[W]hen a commercial use amounts to mere duplication of the entirety of an original it… serves as a market replacement for it").
- See also Hustler Magazine v. Moral Majority, 796 F. 2d 1148, 1154 (9th Cir. 1986) ("[B]y copying all or substantially all of the copyrighted work, the distinction of function vanishes since whatever the intent of the copier, a verbatim reproduction will of necessity serve the function of the plaintiff's work as well as that of the defendant's").
- See also Cambridge University Press v. Patton, 769 F. 3d 1232, 1271 (11th Cir. 2014) ("[W]ere a book reviewer to quote the entire book in his review,… he would be cutting into the publisher's market, and the defense of fair use would fail").
- See also Consumers Union of US v. General Signal, 724 F. 2d 1044, 1051 (2nd 1983) ("The fourth fair use factor will come into play if too much is copied or if the entire plot is revealed, thereby usurping the demand for the original work").
- See also https://youtu.be/1Jwo5qc78QU?t=1158 (timestamp 19:18 - 20:22) ("Mystery Science Theater was … absolutely transformative, but they still licensed the movies… because yeah, playing someone else's entire movie, just with wisecracks over it? Probably not fair use!").
- See also http://www.youtube.com/clip/UgkxDPeQBnbcZAewwjxh7tHyYQPpeMkYUrNS ("by showing those clips in full to the audience… it's entirely possible that you might not watch the [original] videos because you saw, basically, the whole thing in [the defendant]'s videos").
- See also http://www.youtube.com/clip/Ugkxp9Ev6N8qsYVIDPqkrtAuE8nZZWpq8oD7 ("So yes, you can add some original commentary, but if it completely displaces the market for the original, it's probably not fair use, and it's pretty obvious that, once you see a video… you're not gonna go back and watch the whole video again").
- See also http://www.youtube.com/clip/Ugkxznh99XHVyiyPhyQKWiWE_n8XASNgbpxW ("Honestly, were it not public domain, I don't think it would meet the transformative requirements for fair use parody protection. Large parts of the original text are copy-pasted pretty much verbatim, punctuated only occasionally with Arabella's cynical or horrified thoughts on the matter… this isn't really Matt Youngmark's book; it's Frank L. Balm's book with sarcastic commentary penciled into the margins").

**Fair use in conclusion**

In conclusion, we have three of the four factors weighing definitively against fair use, with one factor (the first factor) being an extremely borderline case, given how threadbare the criticism actually is. With 3 factors weighing against the Defendants as a matter of course, that leaves criticism as their last bastion of hope for obtaining fair

---

# DMCA Takedown

From: Acerthorn (acerthorn@yahoo.com)
To:      dmca@rumble.com
Date:   Friday, August 30, 2024 at 04:26 PM CDT

Dear Rumble,

The following video infringes on my copyright: https://rumble.com/v4k1lxu-commentary-critique-acerthorns-kiwi-farms-video.html?e9s=src_v1_ucp

Specifically, beginning at timestamp 21:32, he begins reacting to my copyrighted video, which you can find here: https://www.youtube.com/watch?v=5gXZEesiwvw

This is a *full-length reaction*, which means that he plays and reacts to the *entire video*, literally every single last second of it.

I have a good faith belief that the disputed use is not authorized by the copyright or intellectual property owner, its agent, or the law.

I certify, under penalty of perjury, that the above information in your Notice is accurate and that you are the copyright or intellectual property owner or authorized to act on the copyright or intellectual property owner's behalf.

Finally, because I am required by law to consider fair use whenever I issue a DMCA Counter-Notification, I would like to take this opportunity to provide a brief argument as to why this video is not considered fair use.

**Factor #1: Purpose and character of the use.**

Although it is true that he provides nominal amounts of criticism for this reaction, the criticism he does provide is the very definition of "threadbare." For example, at timestamp 43:56 - 44:16, when I point out that a previous infringement was committed on Kiwi Farms "with the express intention of preventing people from accidentally giving Greer money," his entire commentary for that section of the video was "citation fucking needed on that one." Asking for a citation is not transformative. That is literally the bare minimum commentary you could possibly provide.

At best, this factor may weigh neutral.

However, I am not exaggerating when I say that this is where the Defendant's case for fair use begins and ends. This person, along with countless other online content creators, have this delusional belief that, as long as they provide a token amount of criticism of someone's video, there is a 100% chance that their response videos are fair use, no ifs ands or buts, and therefore they are entitled to copy literally 100% of the original video and completely displace the market for the original.

**Factor #2: Nature of the copyrighted work.**

During this video, I explained how I, in my personal, non-binding laymen's opinion, did not believe the Supreme Court was likely to grant the Petition for Writ of Certiorari in Joshua Moon's case. Nothing in that video was meant to be cons-trued as legal advice, and in fact, I even provided a source from a well-respected Supreme Court law firm to back up my arguments so my viewers didn't have to simply take my word for it.

This means that the video is more creative than factual. After all, the point of me making that video was to give my opinion on a current event. Opinions are considered creative for purposes of the second factor of fair use. See Cambridge University Press v. Patton, 769 F. 3d 1232, 1270 (11th Cir. 2014) ("Where the excerpts of Plaintiffs' works contained… the author's experiences or opinions, the District Court should have held that the second factor… weighed against fair use"). So Factor #2 weigh against fair use.

**Factor #3: Amount and substantiality of the portion taken.**
This is where this person's case for fair use takes a nosedive and never recovers.

use. However, with 3 factors weighing against him right out of the gate, then unless the criticism he provides is *absolute gold* – not just disagreeing with opinions or saying that my voice is annoying, but extremely profound, downright philosophical commentary, the kind that Confucius himself would tip his hat to – then his case for fair use is effectively dead on arrival.

Please remove this infringement post haste.

Sincerely,
David "Acerthorn" Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
acerthorn@yahoo.com