IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID STEBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Misc. Action No. 24-478 (MN) |
| | ) |
| GOOGLE LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington, this 6th day of February 2025,

On February 4, 2026, Pro Se Plaintiff filed a Motion for Marshall Service (D.I. 22) requesting service of subpoenas by the United States Marshal's Service due to his *in forma pauperis* status. Plaintiff cites Rule 4(c)(3) of the Federal Rules of Civil Procedure in support of his motion. (*Id.* ¶ 3). The motion will be denied.

First, Rule 4 addresses service of a summons, not a subpoena. Rule 45(b) of the Federal Rules of Civil Procedure speaks to service of subpoenas.[1]

Next, the Third Circuit has held "that the granting of IFP [*in forma pauperis*] status exempts litigants from filing fees *only.* It does not exempt litigants from the costs of copying and filing documents; *service of documents other than the complaint*; costs; expert witness fees; or

---

[1] In pertinent part, Rule 45(b) states:

(b) Service.

(1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

sanctions." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) (citations omitted, emphasis added). *See also*, *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, *or any other litigation expenses*, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.") (emphasis added). Instead, "[t]he onus is on the plaintiff, indigent or not, to retain a private process server (or some other eligible nonparty) to assist him in effecting service of any properly issued subpoenas." *Shaffer v. Bloom*, Civil Action No. 1:23-cv-00676, 2024 WL 5695954, at *1 (M.D. Pa. Feb. 2, 2024).

THEREFORE, IT IS HEREBY ORDERED that the motion is DENIED.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

2