UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS                                                                                  PETITIONER

V                                        Case 1:24-mc-00478

GOOGLE LLC                                                                                  RESPONDENTS

## INTRODUCTION

Movant John Doe ("Doe") moves to quash the subpoena issued by David Stebbins ("Stebbins") to Google, LLC because Stebbins is attempting to misuse the subpoena process pursuant to the Digital Millennium Copyright Act ("DMCA"). The DMCA only authorizes subpoenas to be issued to the ISP in which the allegedly infringing content was cached. In this case, Stebbins claims the allegedly infringing video was hosted on Rumble and not YouTube, making the subpoena itself invalid. Beyond that, the subpoena is defective as it gives no chance for Google to comply in the given timeframe. Stebbins has also stated that he views the copyright process to be a means of silencing criticism ('harassment'), raising First Amendment concerns. Finally, the topic of conversation was specifically about government workings, requiring a heightened protection under the First Amendment to the United States Constitution. For these reasons, Doe respectfully requests the subpoena be quashed.

## BACKGROUND

### 1. STEBBINS'S ONLINE ACTIVITY

David Stebbins is a content creator on YouTube under the alias Acerthorn. His videos range on topics from real-world events to video game reviews.

### 2. STEBBINS'S LITIGATION HISTORY

Stebbins is a serial plaintiff, proceeding *in forma pauperis* and *pro se* in at least fifty lawsuits at the federal level and at least nine lawsuits at the state level, all since at least 2010. In his

1

recommendation to deny *in forma pauperis* status, Magistrate Judge Dwayne L. Tinsley stated, "According to a PACER search, it appears that, in the federal district courts alone, Plaintiff has initiated approximately fifty civil actions since 2010, across more than twelve different district courts ..." before listing out each case and appeal found on PACER with Stebbins's name. See *Stebbins v. Moon*, 2:24-cv-00140, (S.D.W. Va), dkt. 124 at 6-7. In a Motion to Appoint Counsel, Stebbins states he has an "abysmal win-loss record" and in fact "ha[s] never won a case." See *Stebbins v. Rumble, Inc.*, 1:24-cv-1174-MN (Dist. Del.), dkt. 10 at 2, 5.

He has been declared a vexatious litigant in his home county of Boone County, Arkansas. In the Western District of Arkansas, Stebbins was declared a vexatious litigant in 2013 in the case of *Stebbins v. Stebbins*, 3:12-cv-03130, (W.D. Ark.), dkt. 10. In particular, the Honorable P.K. Holmes, III noted that, "[n]ot only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."

In the Northern District of California, Stebbins was declared a vexatious litigant in 2023, in the case *Stebbins v. Google LLC*, 3:23-cv-00322, (N.D. Cal.), dkt. 71. The Honorable Judge Trina L. Thompson noted, "...Plaintiff's conduct in filing hundreds of motions that have little merit in this and other [cases] satisfies this factor...Plaintiff continues to repeatedly file numerous claims and motions with limited merit. Moreover it appears that the motive for Plaintiff's filing of the instant and similar lawsuits is to stop harassment from other uses online...During a case management conference before the Court, Plaintiff stated that he seeks to stop the harassment directed at him. However, that is not a proper use of copyright law."

### 3. CURRENT SUBPOENA

Stebbins submitted subpoenas to be issued under 17 U.S. Code § 512(h) to Rumble, which hosted the allegedly infringing stream performed by Doe, and to Google, LLC, which did not host or transmit the stream on their platform YouTube. Stebbins alleges that Doe's YouTube Premium

subscription would give YouTube access to Doe's information.    The subpoenas were issued on February 4, 2026 and not served on either Rumble or Google until March 5, 2026.  Rumble has already filed a motion to quash the subpoena issued to it at Docket 30.  Doe files this motion to quash the subpoena issued to Google, LLC.

<b><u>ARGUMENT</u></b>

## 1. THE COURT SHOULD QUASH THE SUBPOENA AS IT IS INVALID UNDER 17 U.S. CODE § 512(h)

Section 512(h) of the DMCA provides a limited, narrowly-tailored mechanism for obtaining the identity of an alleged infringer through a subpoena directed to a service provider.  This mechanism operates in conjunction with § 512(c), which applies to service providers that host or store the alleged infringing material on their systems.

Courts have interpreted § 512(h) to only apply to ISPs that store or cache the material itself, and not to unrelated providers.  In *In re Subpoena Internet Subscribers of Cox Communications, LLC*, No. 24-3978 (9th Cir. 2025), the Court of Appeals upheld the quashing of a § 512(h) subpoena issued to Cox Communications, a conduit ISP for the information of twenty-nine individuals.  Because the ISP did not store the allegedly infringing material and only acted as a conduit—that is, provided internet connectivity without acting as a host of the material—the subpoena was invalid under the law.

Here, Google and YouTube don't even provide a connection to the allegedly infringing material, nor does Stebbins allege they do.  His only allegation is that "[t]here is a 100% chance that Google Inc. has The Spectre Report's legal name and address...[because he] has a subscription to YouTube Premium." ECF 19 at 1.

Because Google did not host or cache the allegedly infringing material, the subpoena exceeds the authority granted under § 512(h) and must be quashed.

3

## 2. THE SUBPOENA CANNOT BE COMPLIED WITH

The subpoena authorized to be served on Google listed a compliance date of February 14, 2026. See ECF 21-2. It was, however, not served on Google's representative until March 5, 2026—nineteen days after the stated compliance date. See ECF 25.

Federal Rules of Civil Procedure 45(d)(3)(A)(i) provides that the court "must quash or modify a subpoena that fails to allow a reasonable time to comply." Here, the compliance date precedes the date of service, making it literally impossible for Google to comply. Serving a subpoena that cannot, by definition, be complied with prejudices the recipient and undermines the purpose of Rule 45.

Courts routinely quash subpoenas when compliance is unreasonable or impossible. In this instance, the prejudice to Google is self-evident: the compliance timeline cannot be met, and no alternative time frame has been provided.

Accordingly, the subpoena should be quashed.

## 3. STEBBINS'S SUBPOENA RUNS AFOUL OF DOE'S FIRST AMENDMENT RIGHTS

Doe is a critic of Stebbins, having a significant number of streams and videos on his Rumble channel "The Spectre Report" either dedicated solely to his frivolous and meritless litigation, or as a topic of discussion among others. Doe performs these actions as a layman who is not a lawyer, nor has he ever claimed to be one.

On August 30, 2024, Stebbins e-mailed Doe to say he had reported two streams to Rumble. "I have already had two of your videos about me taken down from Rumble because they flagrantly violate Rumble's Terms of Service." See Exhibit A. On August 31, Stebbins filed a DMCA takedown notice on the third stream that had been done in March of 2024, thus having all three streams to that point removed from Rumble.

Having the entirety of the channel's streams up to that point criticizing Stebbins's actions in

4

court removed calls into question his reasons for wanting the subpoenas issued, and the validity of any copyright claim he may attempt to litigate.

Of the roughly twenty streams done on Stebbins by Doe on his channel, most are focused on his litigation activity and court filings, offering criticism of his rationale and his aggressive attitude towards other litigants and the Courts. In each case where Stebbins's litigation is concerned and filings are read over, Doe also fact-checks arguments and case citations Stebbins proffers. In many instances, Stebbins's arguments are invalid, ans case citations do not claim what he says. This is quintessential commentary on an item of public concern, specifically addressing how the legal system is used and litigants' behavior in court which is protected by the First Amendment.

**A. Section 512(h) Subpoenas That Violate the First Amendment Can Be Challenged**

"The First Amendment...can be raised in opposition to a DMCA subpoena." See *Signature Management Team, LLC v. Automatic, Inc.*, 3:13-mc-80028, (N.D. Cal.) Docket 16 at 8.

"An author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment. " *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995). Similarly, "[a]s with other forms of expression, the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" *Anonymous Online Speakers v. United States Dist. Court (In re Anonymous Online Speakers)*, No. 09-71265, 2011 WL 61635, at *2 (9th Cir. Jan. 7, 2011) (citing *McIntyre*, 514 U.S. At 341-42).

Courts have used various tests to determine if the subpoena passes scrutiny with regards to the First Amendment. Many courts require a plaintiff to make a *prima facie* showing of the claim for which they seek to unmask the target. Some courts have accepted a less stringent "legitimate, good faith basis" for the plaintiff's allegations, see *In re Subpoena Duces Tecum to America Online, Inc.*, No.

5

40570, 2000 WL 1210372, at *8 (Va. Cir. Ct. Jan. 31, 2000), rev'd on other grounds by *America Online, Inc. v. Anonymous Publicly Traded Co.*, 261 Va. 350 (Va. 2001 ). Others have a more serious standard of the production of admissable evidence establishing each essential element of a claim. *Cahill*, 884 A.2d 451 (requiring the plaintiff to meet a hypothetical summary judgment standard). In addition to this, the most rigorous standards require courts to balance "the magnitude of the harms that would be caused to the competing interests by a ruling in favor of [the] plaintiff and by a ruling in favor of [the] defendant." See *Highfields Capital Management, L.P. V Doe,*385 F.Supp.2d 969 (N.D. Cal. 2005).

In light of this, the court should focus on the nature of the speech and not the allegations made by the plaintiff. Doe is a critic of Stebbins's abuse of the legal process and has been for some time. Where streams concerning Stebbins happen on Doe's channel, they are almost inevitably about his litigation history and tactics. As the topics are routinely about government function in the context of the legal system, this has core First Amendment implications, and is worthy of heightened scrutiny and protection.

### B. Stebbins Admits He Still Views the DMCA as a Tool to Silence Criticism

Since at least 2023, Stebbins has been aware that the DMCA takedown system and copyright law generally are not a proper mechanism for addressing criticism—or, as he terms it, "harassment." As noted above, Judge Trina L. Thompson explicitly criticized Stebbins for this admission during a case management conference, underscoring that using copyright law to halt criticism is improper. Nevertheless, Stebbins has persisted in filing copyright claims—and, at times, defamation claims— against critics.

Stebbins has initiated several lawsuits targeting critics, including:

- *Stebbins v. Polano*, 4:21-cv-04184 (N.D. Cal.) (copyright infringement)
- *Stebbins v. Google LLC*, 3:23-cv-00322 (N.D. Cal.) (copyright infringement)

- *Stebbins v. Doe*, 4:25-cv-04499 (N.D. Cal.) (copyright infringement and defamation)
- *Stebbins v. Redfield*, 3:23-cv-00321 (N.D. Cal.) (defamation)

On February 9, 2026, Doe engaged in an email exchange with Stebbins regarding a stream on February 5, 2026 in which Doe had read over a lawsuit Stebbins filed against a former employer. Doe did not comment on the substance of the allegations and performed his standard critique as a layman of the legal theories by Stebbins, yet Stebbins later claimed that merely reviewing the lawsuit was defamatory.

During the exchange, Stebbins accused Doe of being unwilling to have an amicable, good faith discussion. Doe reminded Stebbins that he had previously offered to engage in such a discussion in 2024, after Stebbins filed reports against Doe's channel, but that Stebbins had refused reasonable ground rules:

> "…but you refused reasonable rules such as 'I will maintain copyright on what I stream, and you will not have the authority to file copyright strikes on anyone who uses my stream for commentary; likewise, what you stream is yours alone and I have no copyright on that.' That is an objectively fair rule that you took umbrage with."

Stebbins responded:

> "That is NOT a fair rule. The fact that I cannot protect myself from further defamation, further harassment, or further doxxing is [expletive].
>
> You retaining copyright but agreeing not to allow redistribution under certain circumstances would at least constitute something remotely resembling an olive branch (more an olive twig), but you refused to do even that."

(Exhibit B).

This exchange confirms that Stebbins continues to view copyright law and DMCA takedowns as tools to suppress criticism. It directly calls into question the legitimacy of the subpoena, suggesting it is intended not for lawful copyright enforcement, but to silence a critic, raising significant First Amendment concerns.

7

## 5.  THE ALLEGEDLY INFRINGING VIDEO MAY NO LONGER EXIST

The subpoena is further suspect because a verifiable copy of the allegedly infringing video may no longer exist.  On March 24, 2026, Doe e-mailed Stebbins on all three accounts Stebbins has previously contacted Doe with, asking for a copy of the video in its original, unedited, unbroken form in original 1080p resolution, which is the resolution Doe streams in.  This came after Rumble stated in their Motion that they don't have a copy of the video because it was taken down.  To date, Stebbins has not responded to confirm if he has a copy, let alone provided a link to confirm the authenticity when previously, Stebbins was very active in responding to e-mails from Doe.

## 6.  STEBBINS HAS A HISTORY OF MISREPRESENTATION

Coupled with the above, Stebbins has a history of misrepresenting "facts" to the court.  In *Stebbins v. Google LLC*, 3:23-cv-00322, (N.D. Cal.), Stebbins was ordered to delete a recording he made of a conference between himself and legal council for Google.  *id.* at dkt. 72.  Stebbins was later ordered to show cause as to why he should not be held in contempt for not following the court's order. *id.* at dkt. 75.  Stebbins would respond by including a URL to an unlisted video on his channel purporting to be a deletion of the recording on August 31, 2023.[1]  *id.* at dkt. 67 at 2.  However, that video shows file folders at the very beginning of the video, with "date modified" after August 31, 2023. Ergo, he could not have deleted the video on August 31, 2023, as there is one folder with a modified date of September 2, 2023, and another with a date of September 13, 2023.

The most egregious occurred in *Stebbins v CMDRImperial Salt,* 8:24-cv-01486 (C.D. Cal.).  At Docket 106, Stebbins alleged that PayPal had deducted fees from the settlement payments he received

---

[1] The submitted URL is https://www.youtube.com/watch?v=Q0JvEM7zEfI and is still available as of March 30, 2026

from the defendant, claiming that the defendant's refusal to pay those fees put him in breach of the settlement. However, his own evidence failed to show this. He was ordered to show cause as to why he shouldn't be sanctioned for this misrepresentation to the court.

In response, Stebbins and the defendant in the case finished the settlement, and Stebbins submitted a "Mutual Notice of Dismissal With Prejudice". *id.* at dkt. 139. The purpose was to evade the sanctions, claiming incorrectly that a voluntary dismissal also did away with those Rule 11 sanctions. This notice had both signatures attached. The next day, Stebbins filed a "revised" notice, only bearing his signature. *id.* at dkt. 140. Defendant responded saying that Stebbins had falsely copied his signature from a previous filing and affixed it to the original notice specifically to escape the sanctions for the prior misrepresentation, and that he had not even had a chance to read over it. The judge dismissed the case because the defendant stipulated the settlement was completed, but noted that "[w]hile Plaintiff should not have used Defendant's signature without his permission...", showing that the court agreed it was improperly affixed and, for all intents and purposes, forged. *id.* at 143.

These facts further support that the subpoena may not have been issued in good faith, reinforcing both the § 512(h) and First Amendment arguments for quashing it.

### PRAYER FOR RELIEF

Wherefore, premises considered, Doe requests the following relief from the Court:

1.) Quash the subpoena issued to Google, LLC for being an invalid target under 17 U.S. Code § 512(h), for being impossible to comply with, and/or for infringing Doe's First Amendment rights.

2.) Any other relief that the Court may consider appropriate.

SIGNED ON THIS DAY, March 30, 2026.

Respectfully Submitted,

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com
