UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS                                                    PETITIONER

V                                    Case 1:24-mc-00478

GOOGLE LLC                                                        RESPONDENTS

## OPPOSITION TO MOTION TO STRIKE

Movant John Doe ("Doe"), d/b/a The Spectre Report and proceeding under a pseudonym as the target of subpoenas issued pursuant to 17 U.S.C. §512(h), respectfully submits this Opposition to David Stebbins's ("Stebbins") Motion to Strike at ECF 39.

As a threshold matter, Doe was not served with the Motion to Strike or the Supplemental Memorandum (ECF 40), which independently warrants denial of the Motion.

## ARGUMENTS

### 1. RULE 12(f) DOES NOT APPLY TO A MOTION TO QUASH

Stebbins moves to strike Doe's Motion to Quash under Fed. R. Civ. P. 12(f). That rule permits a court to strike material from a pleading that is redundant, immaterial, impertinent, or scandalous.

A motion to quash is not a pleading under Fed. R. Civ. P. 7(a), which states a pleading is "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint, and; (7) if the court orders one, a reply to an answer". Accordingly, Rule 12(f) is inapplicable, and courts routinely deny motions to strike directed at motions rather than pleadings.

Because Stebbins relies exclusively on Rule 12(f), the Motion to Strike fails as a matter of law and should be denied on that basis alone.

### 2. DOE IS ENTITLED TO MOVE TO QUASH WITHOUT INTERVENING

Stebbins next argues that Doe lacks standing to file a motion because he has not formally

intervened in this action.

This argument is incorrect. Fed. R. Civ. P. 45(d)(3) authorizes a motion to quash "on timely motion," and courts interpret this provision to permit non-parties with a personal right or privilege in the subpoenaed information to seek relief. Courts consistently recognize that non-parties—including anonymous speakers whose identifying information is sought—may challenge subpoenas directed at third parties without intervening. See *In re Subpoena Duces Tecum to AOL, LLC,* 550 F. Supp. 2d 606, 611–12 (E.D. Va. 2008).

Here, Doe has a direct personal interest in the information sought—specifically, his identity— which is sufficient to confer standing to challenge the subpoena.

Requiring formal intervention in these circumstances would undermine Rule 45 by preventing affected individuals from protecting their rights—particularly where, as here, the subpoena seeks to identify and unmask an anonymous speaker.

To the extent timeliness is at issue, Doe's motion was filed within a reasonable time after service. Moreover, the subpoena itself is facially defective because it sets a compliance deadline that predates service, rendering compliance impossible and failing to allow a reasonable time to comply under FRCP 45(d)(3)(A)(i), which is an independent basis to quash the subpoena.. Under these circumstances, any argument that the motion to quash is untimely is without merit.

Accordingly, Doe's Motion to Quash is properly before the Court.

### 3. THE FILING METHOD AND SIGNATURE COMPLY WITH APPLICABLE POLICY

Stebbins's remaining arguments concern the manner in which the Motion to Quash was filed and signed. These arguments lack merit.

First, Stebbins speculates the Motion was filed in paper format based on how the PDF appears when viewed electronically. This has no bearing on its validity. Courts routinely accept filings submitted by *pro se* litigants in paper format which are then docketed electronically.

Second, Federal Rule of Civil Procedure 11(a) requires that filings be signed but does not mandate a handwritten "wet" signature in all circumstances, nor does it require disclosure of a litigant's legal name where anonymity is properly asserted.

Here, Doe proceeds under a pseudonym because the subpoena at issue seeks to reveal his identity. Requiring disclosure of that identity as a condition of filing a motion to quash would defeat the very purpose of seeking relief.

If the Court deems verification necessary, Doe is prepared to provide identifying information for *in camera* review or through another procedure that protects his anonymity while satisfying the Court as to his identity.

Accordingly, the signature and filing format do not provide any basis to strike the Motion to Quash.

### 4. THE MOTION TO STRIKE IMPROPERLY SEEKS TO AVOID THE MERITS

Stebbins's Motion to Strike does not address the substance of Doe's Motion to Quash. Instead, Stebbins seeks to dispose of the Motion based on procedural objections that lack legal support.

Courts strongly prefer to resolve disputes on their merits—particularly where, as here, the subpoena implicates important rights, including the ability to challenge the disclosure of identifying information. See *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.")

### 5. LACK OF SERVICE PROVIDES INDEPENDENT BASIS TO DENY THE MOTION

Stebbins failed to serve Doe with the Motion to Strike and Supplemental Memorandum. There is no certificate of service attached to either. Proper service is required for motions practice, particularly where a filing seeks to strike a pending motion. That Doe found out about it through other channels does not absolve Stebbins of this core requirement under Fed. R. Civ. P. 5(a) and 5(b), which requires service of "a written motion, except one that may be heard ex parte".

While the Court has discretion to permit correction of service defects, the failure to serve a motion seeking dispositive procedural relief weighs strongly against granting that motion.

## CONCLUSION

For the foregoing reasons, Doe respectfully requests the Court deny Stebbins's Motion to Strike in its entirety. In the alternative, should the Court have concerns regarding Doe's identity, Doe respectfully requests that the Court permit verification through an *in camera* submission or other protective procedure, rather than striking the Motion to Quash.

SIGNED ON THIS DAY, April 8, 2026.

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com

## CERTIFICATE OF SERVICE

I, John Doe, the movant in this matter, certify that David Stebbins was served a copy of this motion by CM/ECF  by filing with the clerk of the court.

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com
