UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS                                                          PETITIONER

V                                          Case 1:24-mc-00478

GOOGLE LLC                                                              RESPONDENTS

### REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

David Stebbins's ("Stebbins") opposition fails to cure the fundamental defects in the subpoena. He does not address the statutory limits of 17 U.S.C. §512(h), identifies no authority—and none exists —permitting its use against a non-hosting entity, and relies on conclusory assertions that cannot be evaluated on the present record.  At the same time, the subpoena seeks to unmask an anonymous speaker engaged in protected expression without production of the allegedly infringing work.  For these reasons, and those set forth below, the subpoena should be quashed.

### ARGUMENT

1. **STEBBINS FAILS TO ADDRESS THE LACK OF STATUTORY AUTHORITY FOR THE SUBPOENA**

Stebbins does not address Movant John Doe's ("Doe") central argument that the subpoena exceeds the scope of 17 U.S.C. § 512(h). Doe has shown through Stebbins's own words that the allegedly infringing video was hosted on Rumble—not on YouTube or any Google platform. Section 512(h) authorizes subpoenas only to service providers that store or host the allegedly infringing material. That limitation is not met here.

Instead, Stebbins asserts only that Google "has The Spectre Report's legal name and address" because the user maintains a YouTube Premium subscription. That is not a permissible basis for a § 512(h) subpoena. The statute does not authorize subpoenas to entities based on the mere possibility that they possess identifying information unrelated to the storage or transmission of the allegedly infringing

1

material.

Stebbins's own filings further confirm that the subpoena exceeds the statute's scope. In opposing Rumble's motion to quash, Stebbins states that he seeks Doe's identity in order to pursue a defamation claim. ECF 35 at 4. That purpose falls outside § 512(h), which authorizes subpoenas only for the purpose of protecting copyright interests.

This admission independently confirms that the subpoena is being used for an impermissible purpose and lacks statutory authorization. For these reasons, the subpoena should be quashed.

### 2.  DOE IS NOT REQUIRED TO REQUEST A MODIFICATION

A subpoena that requires compliance before it was served is invalid and must be quashed under Rule 45(d)(3)(i).  Stebbins cites to no case law or authority requiring a non-party to meet and confer to modify a subpoena to bring it back into compliance, particularly when the inability to comply results solely from Stebbins's actions.

### 3.  STEBBINS'S MERITS ARGUMENTS ARE IRRELEVANT

Stebbins's arguments regarding fair use and alleged copying go to the merits of a copyright claim and are not properly before the Court on a motion to quash.  The issue is whether Stebbins has made a sufficient evidentiary showing to justify unmasking an anonymous speaker.

He has not.  Stebbins relies on his own characterization of a video that has not been produced and on alleged "admissions" that are disputed and lack context.  That is insufficient.  At this stage— particularly where First Amendment interests are implicated—conclusory assertions cannot substitute for the underlying work.  Arguments regarding alleged copying, admissions, or market harm do not resolve that threshold question.

### 4.  DOE'S CRITICISM IMPLICATES CORE FIRST AMENDMENT PROTECTIONS

Stebbins asserts that Doe's argument regarding censorship is unsupported.  The record shows

otherwise.  As set forth in the Motion, Stebbins previously reported two of Doe's videos for "harassment" and submitted a DMCA takedown that resulted in the removal of the remaining stream. As a result, all streams Doe had created concerning Stebbins at that time—including one providing commentary on Stebbins's litigation conduct—were removed.

The pattern is significant.  It demonstrates that Stebbins has used platform reporting mechanisms and copyright enforcement in response to critical speech, not merely a single alleged infringement.  That conduct is directly relevant to whether the present subpoena is being used for a proper purpose.

The speech at issue—commentary on litigation and litigant conduct—concerns matters of public interest and falls within core First Amendment protections.  Where a subpoena seeks to unmask an anonymous speaker engaged in such expression, courts require heightened scrutiny and a sufficient evidentiary showing before permitting disclosure.

The scrutiny is particularly warranted here.  Courts have previously cautioned Stebbins that copyright law is not a proper tool to address perceived "harassment", yet he continues to characterize criticism  as such and to invoke copyright mechanisms in response.  His own communications confirm that he continues to view copyright enforcement as a means of addressing critical speech.

Taken together, Stebbins's prior takedowns, repeated use of copyright claims against critics, and continued characterization of criticism as "harassment" support the inference that the subpoena may be directed at identifying and suppressing a critic rather than vindicating a legitimate copyright interest. At a minimum, this record requires careful scrutiny before permitting disclosure of Doe's identity.

5. **STEBBINS'S DENIAL OF IMPROPER PURPOSE DOES NOT DEFEAT FIRST AMENDMENT CONCERNS**

Stebbins asserts that Doe's argument regarding improper purpose is "speculative" and unsupported.  The record reflects otherwise.

3

Stebbins has repeatedly invoked platform reporting mechanisms and copyright enforcement in response to critical speech, including successfully removing all of Doe's existing streams addressing him and his actions. That conduct provides a factual basis to consider purpose in evaluating the subpoena.

The record includes specific instances in which Stebbins invoked such mechanisms in response to critical speech. For example, the two streams he mentions having taken down via terms of service complaints and the DMCA takedown are:

- **March 18, 2024 – Stream titled "Commentary Critique: Acerthorn's Kiwi Farms Video,"** in which Doe played and commented on a video created by Stebbins concerning a writ of certiorari filed in *Greer v. Moon*, 2:24-cv-00421, (D. Utah)
- **March 24, 2024 – Stream titled "Turkeygoblin vs. Dear Feeder: Acerthorn Files Another Lolsuit,"** in which Doe read and analyzed the original complaint filed in *Stebbins v. Moon*, 2:24-cv-00140 (S.D.W. Va.)
- **August 28, 2024 stream titled "The Dolt Acerthorn Strikes Again,"** in which Doe reviewed and critiqued a video created by Stebbins concerning the dismissal of a prior copyright action.

More importantly, a federal court has already addressed this issue. In *Stebbins v. Alphabet Inc.*, 4:22-cv-00546, (N.D. Cal.), the court found that Stebbins's "attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the court system." *id.*, dkt. 20 at 4. This finding was not isolated. In *Stebbins v. Google LLC*, 3:23-cv-00322, (N.D. Cal.), the court relied on that same conduct in declaring Stebbins a vexatious litigant. This reflects a pattern recognized in prior proceedings.

Stebbins argues that streams created after the initiation of the DMCA takedown cannot be considered in evaluating purpose. That argument misstates the inquiry. The question before the Court is not limited to Stebbins's subjective intent at a single moment in time but whether the record, viewed as a whole, supports enforcement of a subpoena that would unmask an anonymous speaker engaged in protected expression.

Courts routinely consider the broader factual context—including subsequent conduct—when evaluating purpose and risk of misuse of legal process, particularly where First Amendment interests are implicated. Stebbins's position would require the Court to disregard relevant context and instead evaluate the subpoena in isolation. That is not the standard applied where compelled disclosure would burden anonymous speech.

The record does not establish liability, but it does provide context relevant to whether the subpoena is being used for a proper purpose.

## 6. THE ABSENCE OF THE ALLEGEDLY INFRINGING VIDEO UNDERMINES THE SUBPOENA AND WARRANTS APPROPRIATE RELIEF

Stebbins contends that the potential nonexistence of the allegedly infringing video is "irrelevant" and, if anything, strengthens his claim. That argument misapprehends both the evidentiary burden underlying his asserted claim and the showing required to justify the extraordinary remedy of unmasking an anonymous speaker.

At the outset, Stebbins does not dispute that neither Doe nor Rumble currently possesses a copy of the allegedly infringing stream. Instead, he asserts that he may proceed without it based on an alleged "admission." That position is insufficient. A copyright claim—particularly one invoked to justify third-party discovery targeting an anonymous speaker—must rest on more than conclusory assertions regarding what a video purportedly contained. Without the allegedly infringing work itself, the Court cannot meaningfully evaluate the nature, scope, or context of the use, including whether the use was transformative or otherwise protected.

Stebbins's attempt to shift the burden by arguing that the absence of the video defeats a potential fair use defense misses the point. The threshold issue here is not whether Doe can ultimately prove fair use, but whether Stebbins has made a sufficient, non-speculative showing to justify the

subpoena in the first instance. Courts applying heightened scrutiny in this context require a concrete evidentiary basis for the claim, not reliance on generalized allegations or characterizations of content that cannot be independently reviewed.

Moreover, Stebbins's assertion that he can proceed without the video is internally inconsistent with the nature of a copyright claim. The allegedly infringing work is the central piece of evidence. Without it, there is no reliable basis for assessing substantial similarity, the amount and character of the use, or any alleged market harm. Nor can the Court assess Stebbins's own characterization of the content, which is particularly important where, as here, the speech at issue consists of commentary and criticism implicating First Amendment protections.

To the extent Stebbins contends that Doe has made an "admission," that assertion cannot substitute for the underlying work itself. Statements made in the course of commentary are not a substitute for the evidentiary record required to support a copyright claim, particularly where the context and completeness of those statements are disputed.

Accordingly, the absence of the allegedly infringing video is not irrelevant—it underscores the speculative nature of Stebbins's claim and weighs against enforcement of the subpoena. At a minimum, if Stebbins contends that such a video exists or existed in a form sufficient to support his claim, he should be required to produce a complete and unaltered copy of the allegedly infringing work.

For these reasons, the Court should either (1) quash the subpoena for failure to establish a sufficient evidentiary basis to justify unmasking an anonymous speaker, or, in the alternative, (2) order Stebbins to produce the allegedly infringing video in its complete and original form before any subpoena is enforced. If no such copy exists, that absence further demonstrates that the claim cannot proceed on a non-speculative basis and that the subpoena should not be permitted to stand.

## 7. STEBBINS MISSTATES THE APPLICABLE EVIDENTIARY STANDARD, AND HIS PRIOR CONDUCT IS RELEVANT TO THE COURT'S ANALYSIS

Stebbins argues that any reference to his prior conduct is "irrelevant" under Federal Rule of Evidence 410. That argument is misplaced. Rule 410 governs the admissibility of certain plea discussions in criminal proceedings and has no application here. The issue before the Court is not the admissibility of evidence at trial, but whether the record—viewed in its entirety—supports enforcement of a subpoena that implicates First Amendment interests.

In this context, courts routinely consider the surrounding circumstances, including a party's pattern of conduct, to determine whether a subpoena is being used for a proper purpose. Doe does not rely on prior proceedings to establish liability or to suggest that Stebbins should "lose" based on past conduct. Rather, those matters are cited for the limited and relevant purpose of demonstrating a pattern: namely, Stebbins's repeated use of copyright mechanisms in response to critical speech and his efforts to remove or silence that speech. That pattern bears directly on whether the subpoena here may serve purposes beyond legitimate copyright enforcement and therefore warrants heightened scrutiny.

Stebbins's argument that prior conduct is categorically irrelevant unless a misrepresentation is proven "in this case" misstates the inquiry. The question is not whether Stebbins has been adjudicated liable for misrepresentation, but whether the Court may consider objective evidence bearing on the purpose and context of the subpoena. Courts routinely do so, particularly where First Amendment rights are implicated and the risk of misuse of legal process is at issue.

Nor does Stebbins's attempt to recharacterize prior proceedings negate their relevance. The absence of a formal adjudication does not render the underlying conduct or judicial observations immaterial to the Court's evaluation. At most, it affects the weight of the evidence, not its relevance. And in any event, Doe's argument does not depend on any single prior incident, but on the broader

record demonstrating how Stebbins has responded to criticism.

Finally, Stebbins's rhetorical assertions regarding Rule 11 and alleged bad faith do not alter the analysis. Doe has cited specific, documented conduct—including filings, takedowns, and Stebbins's own statements—providing a factual basis for the arguments presented. That is sufficient at this stage. The Court's task is to determine whether the subpoena is supported by a non-speculative basis and comports with the standards applicable where First Amendment rights are implicated. The record demonstrates that it does not.

### 8. THE OPPOSITION'S ACCUSATORY TONE DOES NOT SUBSTITUTE FOR A LEGAL RESPONSE

Stebbins's opposition repeatedly accuses Doe of "lying" and acting in bad faith, yet provides no evidentiary support for those claims. Such language departs from the standards of civility expected in federal practice and does not address the issues before the Court. More importantly, these accusations appear in place of any meaningful response to the dispositive legal questions under 17 U.S.C. § 512(h) and Federal Rule of Civil Procedure 45. Federal Rule of Civil Procedure 11(b) requires that factual contentions have evidentiary support; without seeking sanctions, Doe notes that the unsupported and accusatory nature of the opposition underscores its failure to engage with the governing law. The Court should therefore disregard these assertions and resolve the motion based on the applicable legal standards and the record.

### 9. STEBBINS'S OPPOSITION DOES NOT COMPLY WITH FORMATTING REQUIREMENTS

Stebbins's opposition appears to be single-spaced and does not conform to the formatting requirements applicable to motion briefing in this Court. When presented in proper double-spaced

8

format, the filing would substantially exceed the typical page limitations for an opposition brief (10 pages for opposition and reply).

While Doe does not seek relief on this basis, the formatting underscores the extent to which Stebbins's opposition departs from standard briefing practices and further complicates the Court's review of the issues presented.

## 10. STEBBINS'S RULE 11 SANCTIONS REQUEST IS DEFECTIVE AND UNSUPPORTED

Stebbins's request for sanctions under Federal Rule of Civil Procedure 11 is procedurally improper and substantively unsupported. Rule 11(c)(2) requires that a motion for sanctions be made separately and served on the opposing party at least 21 days before filing to allow an opportunity to withdraw or correct the challenged submission. Stebbins did not serve any such separate motion or provide notice to Doe's e-mail address prior to filing his opposition, and his request therefore fails as a matter of law. In any event, the Motion to Quash presents colorable arguments grounded in 17 U.S.C. § 512(h), FRCP 45, and applicable First Amendment principles, and thus cannot be characterized as frivolous or lacking evidentiary support. Stebbins's reliance on conclusory accusations of "bad faith" and "lying," without evidence, does not satisfy Rule 11's objective standard and provides no basis for sanctions.

## 11. STEBBINS FAILED TO SERVE THE OPPOSITION ON DOE

Stebbins failed to serve this opposition on Doe. As Doe does not have CM/ECF access though has motioned for it, it is incumbent upon Stebbins to serve Doe appropriately. Much like his motions at ECF 39 and 40, Stebbins continues to fail to conform to FRCP 5, which requires proper service of motions on all parties. This allows opposing parties to properly address arguments made in a timely manner.

Stebbins is not unfamiliar with federal practice, yet has not demonstrated compliance with Rule 5.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Movant John Doe requests the Court grant the following relief:

1. Quash the subpoena issued to Google LLC on the grounds that it exceeds the scope of 17 U.S.C. §512(h), fails to comply with Fed. R. Civ. P. 45, and impermissibly burdens Doe's First Amendment Rights;

2. In the alternative, deny enforcement of the subpoena unless and until Stebbins makes a sufficient evidentiary showing consistent with the standard applicable where First Amendment rights are implicated;

3. In the further alternative, order Stebbins to produce a complete, unaltered copy of the allegedly infringing video prior to any enforcement of the subpoena, and defer ruling on enforcement until such production is made;

4. If Stebbins is unable to produce the allegedly infringing video, quash the subpoena on the grounds that the claim lacks a sufficient non-speculative evidentiary basis to justify unmasking an anonymous speaker; and

5. Grant such other and further relief as the Court deems just and proper.

SIGNED ON THIS DAY, April 21, 2026

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com

## CERTIFICATE OF SERVICE

I, John Doe, the movant in this matter, certify that David Stebbins was served a copy of this motion by CM/ECF  by filing with the clerk of the court.

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com
