UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS PETITIONER

V Case 1:24-mc-00478

GOOGLE LLC RESPONDENTS

**MOTION FOR LIMITED SUPPLEMENTAL RELIEF, TEMPORARY STAY, AND SWORN CONFIRMATION REGARDING PRESERVATION OF EVIDENCE**

John Doe (hereinafter "Doe"), d/b/a The Spectre Report, appearing *pro se* and specially for the purposes of protecting his anonymity and opposing plaintiff David Stebbins's (hereinafter "Stebbins") attempt to compel disclosure of his identity, respectfully moves for limited supplemental relief concerning the continued existence and accessibility of the allegedly infringing video underlying Stebbins's subpoena. This motion presents a narrow question.

Stebbins recently represented to opposing counsel in separate active litigation that all PDF files contained in his "active cases" folder had become "corrupted and unreadable" following what Stebbins characterized as a "computer glitch".

That representation **does not** establish that the allegedly infringing video has been lost, corrupted, or destroyed. Plaintiff referred specifically to PDF files, whereas the allegedly infringing work is assumed to be maintained as a video file.

Nevertheless, it created a legitimate preservation concern because, according to the record presently before the Court, neither Doe nor Rumble possess a copy of the video in question. To Doe's knowledge, Stebbins is therefore the only person reasonably believed to possess a remaining copy of the work upon which his allegations of infringement depend.

Rather than immediately burden this Court with that concern, Doe attempted to contact Stebbins directly and requested the simplest possible clarification: whether, following the reported computer

problem, Stebbins had personally verified that he continues to possess a complete, accessible, and playable copy of the allegedly infringing video. Stebbins, in response, responded twice to the correspondence but did not provide a substantive answer.

Instead, Stebbins has demanded to know how Doe learned of the problem and has accused Doe of potentially "stalking" his private communications.

Because Stebbins has demonstrated actual receipt of Doe's inquiry yet has declined to provide the requested confirmation, Doe respectfully moves the Court preserve the status quo and require Stebbins to provide a sworn declaration confirming whether the allegedly infringing video continues to exist and remains accessible before Doe's identity is disclosed, if it is to be.

## BACKGROUND

### 1. STEBBINS SEEKS DOE'S IDENTITY BASED UPON ALLEGED COPYRIGHT INFRINGEMENT

Stebbins seeks disclosure of Doe's identity pursuant to allegations that a video formerly hosted by Rumble infringed his copyrights. The allegedly infringing video is central evidence concerning those allegations. It is *the* work that must ultimately be compared against Plaintiff's copyrighted material and considered in its actual context, including for the purposes of Doe's asserted fair use defense. Without the accused work, neither the extent of copying nor the purpose, character, context, and presentation of that copying can readily be determined from the work itself.

Rumble has moved to quash the subpoena issued to them. Likewise, Doe has moved to quash the subpoena issued to Google, Inc. As noted by both parties, neither Doe nor Rumble have a copy of the video after Stebbins issued a Digital Millennium Copyright Act takedown request.

Doe has requested Stebbins confirm this previously, with no answer. Doe also moves this Court to order production of the video as relief in his reply to the opposition to his motion to quash. Stebbins's failure to provide that confirmation, after an admitted "computer glitch", reinforces the need for limited Court intervention.

## 2. STEBBINS REPORTED CORRUPTION OF FILES ASSOCIATED WITH "ACTIVE CASES"

On or about August 8, 2026, Stebbins wrote to opposing counsel J. Curtis Edmondson, representing the defendant in *Stebbins v. Redfield*, stating that he has "encountered a computer glitch in [his] system, whereby all the PDF files in [his] 'active cases' folder have become corrupted and unreadable." He further explained that he had "tried everything, including opening the PDF files using different readers/browsers, moving the files to different folders, uploading the files to cloud storage, and many other workaround" to no avail. Stebbins then requested replacement copies of the filings in that action. Doe obtained a copy of that correspondence from Redfield, the defendant in that case on August 11, 2026. A true and correct copy of that e-mail is attached as **Exhibit A** with the exception of a URL being redacted.

Doe does not contend that this correspondence establishes that the video was affected. Indeed, Stebbins specifically described corrupted PDF files. The concern is whether the underlying computer, filesystem, or storage problem affected, or places at risk, the only known potentially remaining copy of the allegedly infringing video.

## 3. DOE SOUGHT CLARIFICATION DIRECTLY FROM STEBBINS

On August 11, 2026, Doe sent Stebbins correspondence concerning the reported corruption and its potential relevance to the pending identity subpoena. Doe specifically sought confirmation concerning whether Stebbins continued to possess the allegedly infringing video and whether he had actually verified, following the reported computer problem, that the video remained complete, accessible, and playable.

Doe expressly distinguished file corruption from permanent loss and did not accuse Stebbins of spoliation, destruction of evidence, or misconduct. Doe further explained why the question was material: neither Doe nor Rumble possess another copy of the video.

Doe requested a substantive response by August 13, 2026 at 11:59 P.M. Eastern Standard Time.

A true and correct copy of the e-mail chain is attached as **Exhibit B**, and the letter—which was sent as an attachment—is attached as **Exhibit C**.

### 4. PLAINTIFF RESPONDED BUT DID NOT ANSWER THE PRESERVATION QUESTION

Stebbins acknowledged Doe's correspondence on August 12, 2026, asking "How did you learn about this?" Doe replied that the source of the information was immaterial to the preservation inquiry and that Stebbins respond substantively to the questions presented. Stebbins again responded. "It is not immaterial because I never spoke of this publicly. Are you stalking my private correspondence?"

Doe again declined to engage in a collateral dispute concerning the source of the information and redirected Stebbins to the specific questions presented in the correspondence, stating "Again, Mr. Stebbins, *how* I found out is immaterial. The fact is that this is something that, possibly, directly concerns me." Doe then asked Stebbins to return to the questions and provide a substantive response.

## ARGUMENT

### 1. DOE DOES NOT ASK THE COURT TO INFER THAT THE VIDEO HAS BEEN LOST

Doe emphasizes what this Motion does **not** allege. Doe does not ask the Court to infer from Stebbins's failure to answer that the allegedly infringing video has been lost. Doe does not contend that Stebbins's computer problem constitutes spoliation. Doe does not contend that the corruption of the PDF files necessarily establishes corruption of the video file. Finally, Doe does not presently seek sanctions.

The present factual record does not establish any of those propositions.

Instead, Doe asks the Court to resolve a factual question that Stebbins can resolve with minimal burden: **Following the computer problem Stebbins reported, does he presently possess a complete, accessible, and playable copy of the allegedly infringing video, and has he actually verified that fact?**

If the answer is yes, Stebbins can say so under oath and this particular concern is resolved. Thus, the relief requested imposes virtually no burden if the evidence remains available, while avoiding potentially irreversible prejudice if it does not.

## 2. STEBBINS'S REPEATED RESPONSES ESTABLISH ACTUAL NOTICE BUT HAVE NOT RESOLVED THE QUESTION

Stebbins cannot reasonably contend that he failed to receive or understand Doe's request. He has responded to the correspondence repeatedly.

His responses instead concern *how* Doe came to obtain the knowledge of the reported computer problem. Whatever disagreement Stebbins may have concerning the source does not answer whether the allegedly infringing video continues to exist.

Doe respectfully submits that the Court need not adjudicate the collateral dispute concerning how he learned of this issue in order to resolve the preservation issue, nor does Doe ask the Court to draw a negative inference from Stebbins's responses. Their present relevance is considerably narrower: they demonstrate **actual notice and an opportunity to resolve this issue without judicial intervention.**

Stebbins received the inquiry. Stebbins understood the event to which Doe referred. Stebbins responded repeatedly. Yet Stebbins has not provided the simple factual confirmation requested. Court intervention is therefore appropriate to resolve the outstanding question.

## 3. THE CONTINUED EXISTENCE OF THE ACCUSED WORK IS MATERIAL TO THE SUBPOENA PROCEEDINGS

Section 512(h) permits a copyright owner to request a subpoena for identification of an "alleged infringer" and requires, among other things, a sworn declaration concerning the purpose for which the identifying information is sought. The allegedly infringing video, therefore, is not peripheral evidence, but rather *the* evidence upon which the allegation is based. Its availability is particularly important here because Doe disputes infringement and asserts fair use. Recent decisions addressing fair use—including *Stebbins v. Alphabet, Inc.*, 4:22-cv-00546, (N.D. Cal.) and *TED Entertainment, Inc. v. Alexandra Marwa Saber*, 2:25-cv-05564, (C.D. Cal.)—further demonstrate the importance of examining an accused work in its actual context when evaluating allegations involving commentary, criticism, and the extent and character of copying. Doe **does not** ask this Court through the present Motion to determine whether his

use constituted fair use, nor does Doe contend that either decision resolves that question. They are relevant here only to explain why preservation of the accused work matters should the merits of the alleged infringement ultimately require adjudication.

If Stebbins possesses the accused work, this Motion presents no significant obstacle: Stebbins need only verify its existence.

If Stebbins does not possess the accused work, however, and neither Doe nor Rumble possess a copy, materially different questions arise concerning Stebbins's ability to substantiate the allegations underlying his effort to identify Doe.

## 4. TEMPORARILY PRESERVING DOE'S ANONYMITY IMPOSES MINIMAL PREJUDICE

The relative consequences strongly favor preserving the status quo long enough to resolve this limited issue. If Stebbins possesses the video, requiring him to verify that fact imposes minimal burden and merely delays disclosure assuming the Court is inclined to deny Doe's and Rumble's individual motions to quash the subpoenas. By contrast, if Doe's identity is disclosed without an answer to this question, then that genie cannot be put back in the bottle.

## 5. A SWORN DECLARATION IS THE MOST LIMITED MEANS OF RESOLUTION

Doe does not request forensic access to Stebbins's computer; he does not request production of his hard drive; he does not request an evidentiary hearing at this time. Doe only requests, at minimum, sworn confirmation of the video's continued existence and accessibility. Alternatively, and consistent with Doe's previously requested relief, the Court may order production of the allegedly infringing video if it concludes production is the more appropriate means of resolving the issue.

These questions require no disclosure of privileged communications and no invasive discovery. They simply seek to establish whether the central evidence underlying Stebbins's attempt to identify Doe remains available.

## 6. ALTERNATIVE RELIEF IF STEBBINS CANNOT PROVIDE THE REQUESTED

**CONFIRMATION**

If Stebbins confirms under oath that he presently possesses and has verified a complete, accessible copy of the video, Doe acknowledges that the specific preservation concern raised in this Motion will largely be resolved.

However, if Stebbins cannot provide that confirmation, Doe respectfully requests leave to supplement his Motion to Quash to address the legal and evidentiary consequences.

Doe does not ask the Court to prejudge those consequences here. The threshold question should be answered first.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Doe requests that the Court:

1. Order Stebbins, within seven (7) days, to file a declaration under penalty of perjury stating whether he presently possesses a complete copy of the allegedly infringing video;
2. Require Stebbins to state whether, following the reported computer/file corruption incident, he personally verified that the video remains accessible and playable in its entirety;
3. Require Stebbins to disclose whether the video has suffered any corruption, truncation, alteration or loss of accessibility;
4. If Stebbins's primary copy is unavailable, require him to state whether another complete and accessible copy exists;
5. Order Plaintiff to preserve all presently existing copies and backups of the allegedly infringing video pending final resolution of the proceedings;
6. In the event the Court denies either pending Motion to Quash, temporarily stay compliance with and enforcement of the affected subpoena, including disclosure of Doe's identifying information, until the preservation and accessibility issue presented in this Motion has been resolved;
7. If Stebbins cannot confirm that a complete and accessible copy exists, permit Doe to supplement his Motion to Quash or other pending opposition concerning the effect of that circumstance, and;

8. Grant such other and further relief as the Court deems just and appropriate.

SIGNED ON THIS DAY, August 13, 2026.

Respectfully submitted,

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com

**CERTIFICATE OF SERVICE**

I, John Doe, certify that David Stebbins was served a copy of this Motion by CM/ECF by filing with the clerk of the Court.

_____/s/John Doe_____
John Doe
spectrereportlegal@gmail.com