# EXHIBIT A

**SidAlpha** <sidalpha@sidalpha.com>
to me

Tue, Aug 11, 3:31 PM (3 days ago)

- **Sid R.**

**SidAlpha**

**Web Site:** https://SidAlpha.com
**Youtube:** https://youtube.com/SidAlpha
**Twitter:** https://twitter.com/SidAlpha
**Facebook:** https://facebook.com/IamSidAlpha

**From:** J. Curtis Edmondson <jcedmondson@edmolaw.com>
**Sent:** Saturday, August 8, 2026 6:45 AM
**To:** David Stebbins <stebbinsd@yahoo.com>
**Subject:** Re: Minor request

Hi David,

Hope this works. If not, I can mail you a USB drive.

https://www.

On 08/08/2026 3:46 AM PDT David Stebbins <stebbinsd@yahoo.com> wrote:

Dear Mr. Edmondson,

I just recently encountered a computer glitch in my system, whereby all the PDF files in my "active cases" folder have become corrupted and unreadable. I've tried everything, including opening the PDF files using different readers/browsers, moving the files to different folders, uploading the files to cloud storage, and many other workarounds. Nothing works.

There are currently 156 total filings in our case. I'm sure you have them all saved to your hard drive. Would you be kind enough to put them all in a zip file and send that to me, so I can replenish my record in this case?

Sincerely,
David Stebbins

# EXHIBIT B

**Request for Clarification and Demand Concerning Pending Identity Subpoena**
5 messages

**Spectre** <spectrereportlegal@gmail.com> Tue, Aug 11, 2026 at 4:26 PM
To: Acerthorn <acerthorn@yahoo.com>

Mr. Stebbins:

Please find attached my letter to you regarding your recent claim of a corrupted "active cases" folder. As it seemingly concerns me, I am making this request to you without the need for court intervention at the present time.

Please respond to the request by August 13, 2026 at 11:59 PM EST.

Regards,

The Spectre Report

**Stebbins Video Corruption Letter.odt**
27K

**Acerthorn** <acerthorn@yahoo.com> Wed, Aug 12, 2026 at 9:55 AM
Reply-To: Acerthorn <acerthorn@yahoo.com>
To: Spectre <spectrereportlegal@gmail.com>

How did you learn about this?

Sincerely,
Acerthorn

[Quoted text hidden]

**Spectre** <spectrereportlegal@gmail.com> Wed, Aug 12, 2026 at 12:56 PM
To: Acerthorn <acerthorn@yahoo.com>

Good afternoon, Mr. Stebbins.

It is immaterial to the conversation how I found out about it, what matters is I did. That is the purpose of the request I sent you. Please respond to it substantively by August 13, 2026 at 11:59 PM EST.

Thank you.
[Quoted text hidden]

**Acerthorn** <acerthorn@yahoo.com> Wed, Aug 12, 2026 at 1:35 PM
Reply-To: Acerthorn <acerthorn@yahoo.com>
To: Spectre <spectrereportlegal@gmail.com>

It is not immaterial because I never spoke of this publicly. Are you stalking my private communications?

Sincerely,
Acerthorn

[Quoted text hidden]

**Spectre** <spectrereportlegal@gmail.com> Wed, Aug 12, 2026 at 1:41 PM
To: Acerthorn <acerthorn@yahoo.com>

Again, Mr. Stebbins, *how* I found out is immaterial. The fact is that this is something that, possibly, directly concerns me. You are seeking to disclose my identity in a way that is statutorily improper with the Google subpoena, as I point out and which you didn't refute. Now, there is a question that needs to be answered, and I have asked you specific, pointed questions narrowly tailored to those important questions. I would appreciate it if you would turn your attention back to the matter-at-hand and answer them.

Thank you.
[Quoted text hidden]

# EXHIBIT C

August 11, 2026

**SUBJECT: Request for Clarification Regarding Preservation of Evidence**

Mr. Stebbins:

I have become aware of your recent representation that all PDF files contained in your "active cases" folder have become corrupted and unreadable as a result of what you have described as a computer glitch. I also understand that you have requested replacement copies of filings in *Stebbins v. Redfield*. The loss of access to replaceable court filings is not my concern.

My concern is whether the reported corruption, or whatever underlying computer or storage problem caused it, has affected the evidence relating to the copyright proceedings in which you continue to seek disclosure of my identity.

**Of particular concern is your copy of the allegedly infringing video.**

As reflected in the record, I do not possess a copy of that video; Rumble has likewise represented it does not possess a copy. To my knowledge, that would leave you as the only person reasonably believed to possess a copy of the allegedly infringing work upon which your copyright allegations and attempt to obtain my identity depend.

Accordingly, please answer the following questions directly:

1.) Do you presently possess a complete, accessible, and playable copy of the allegedly infringing video?
2.) Have you personally verified, since experiencing this reported file corruption, that this copy remains accessible and playable in its entirety?
3.) Is the video stored on the same computer, drive, filesystem, or storage device affected by the corruption you reported?
4.) If so, do you maintain another complete and accessible copy on an independent storage device, including but not limited or another physical device or a cloud storage?
5.) Has the allegedly infringing video itself suffered any corruption, data loss, truncation, alteration, or other loss of accessibility?
6.) If the primary copy is presently inaccessible or corrupted, does another complete copy exist from which the allegedly infringing work can be produced and examined?

I am not asserting that your reported PDF corruption necessarily affected the video. However, widespread corruption of files on a storage device raises an obvious concern about the continued integrity and accessibility of other litigation evidence stored on that device, especially when you say that it has affected the entirety of your "active cases" folder.

This issue is particularly important because the allegedly infringing video is not merely incidental evidence. It is *the* work that you content infringed your copyrights, and is therefore central to evaluating both the underlying infringement and any fair use defense I may bring.

If neither I nor Rumble possess the video and your copy has also become unavailable, that would raise a substantial question as to how the underlying infringement allegation could be adjudicated on the actual accused work and, consequently, whether your continued efforts to compel disclosure of my

identity remains justified.

I therefore request a straightforward confirmation that you **currently possess a complete and accessible copy of the allegedly infringing work and have verified, personally, it's accessibility and integrity following the computer problem you reported.**

If you cannot provide that confirmation, please explain whether another complete copy exists and where it is, generally, maintained. I am not requesting disclosure of any privileged information or access to your computer.

If no complete and accessible copy remains in existence, I request you immediately withdraw your outstanding effort to obtain my identity and to advise the court and the affected subpoena recipients (Google and Rumble) of the loss of evidence upon which the alleged infringement depends.

Given the reported corruption, I also request you preserve th allegedly infringing video, all existing copies thereof, the corrupted files, and any storage device containing relevant evidence. Nothing in this request should be interpreted as directing you to undertake any particular forensic or repair procedure.

Because disclosure of my identity cannot practically be undone after it occurs, I request that you provide a substantive response before seeking compliance with the outstanding subpoena, should it not be quashed.

Nothing in this correspondence waives any objection, First Amendment right, fair use defense, challenge to the statutory validity of the scope of the subpoena, or other right or remedy available to me.

**Notice Concerning Accuracy of Your Response**

Because the continued existence and accessibility of the allegedly infringing video is potentially material to the proceedings through which you seek disclosure of my identity, I will rely upon any factual representation you make in respone to this inquiry.

Accordingly, if you represent you presently possess a complete and accessible copy of the allegedly infringing video, I request that you make that representation only after actually verifying that the file exists, opens, and is playable in its entirety.

I also put you on notice that, should you make such a representation and thereafter continue pursuing relief premised on this representation only to state later it is unavailable, federal law provides several potential mechanisms for addressing knowingly false representations and bad faith litigation conduct.

**Federal Rule of Civil Procedure 11(b)(1) and 11(b)(3).**

**Federal Rule of Civil Procedure 37(3).**

**The court's inherent authority.**

Specifically, the court has the ability to award fees, sanctions, and up to dismissal in sufficiently serious circumstances. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). This can also include filing restrictions and declaring you a vexatious litigant.

I am not asserting that your reported computer problem constitutes sanctionable conduct. Computer and file corruption can occur without any wrongdoing, and my concern is specifically whether the allegedly infringing video remains available.

What would present a materially different issue would be an affirmative representation that you have personally verified that the allegedly infringing video remains complete and accessible, follow by evidence or an admission establishing that you knew that representation was false when you made it. Likewise, knowingly presenting or advocating such a false factual contention to the Court while continuing to seek disclosure of my identity could implicate the authorities above.

For that reason, if you have not actually verified the file following the corruption event, please simply state that you have not verified it rather than representing the video remains accessible. If you have not verified it, or cannot verify it, I expect you to withdraw the subpoena request and state the reason openly to the court and to the recipients (Google and Rumble).

**Please submit your response to this letter to the appropriate e-mail address by August 13, 2026 at 11:59 PM EST.** If you do not provide the answer by then, I will be filing a supplemental motion with the Court for supplemental relief based on this information I currently have.

Thank you for your attention to this matter.