UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS PETITIONER

V Case 1:24-mc-00478

GOOGLE LLC RESPONDENTS

**[PROPOSED] ORDER GRANTING LIMITED SUPPLMENTAL RELIEF REGARDING PRESERVATION AND ACCESSIBILITY OF EVIDENCE**

WHEREAS John Doe ("Doe") d/b/a The Spectre Report, has filed a Motion for Limited Supplemental Relief, Temporary Stay, and Sworn Confirmation Regarding Preservation of Evidence;

WHEREAS the Motion represents that Petitioner David Stebbins ("Stebbins") recently reported a computer or file-corruption incident affecting PDF files maintained in an "active cases" folder;

WHEREAS Doe does not contend that the reported corruption of the PDF files establishes that the allegedly infringing video underlying the subpoena at issue has been lost, corrupted, destroyed, or rendered inaccessible;

WHEREAS, according to the present record, neither Doe nor Rumble possesses a copy of the allegedly infringing video;

WHEREAS Doe represents that he sought confirmation directly from Stebbins concerning whether Stebbins continues to possess a complete, accessible, and playable copy of the allegedly infringing video and whether Stebbins personally verified its accessibility following the reported computer of file-corruption incident;

WHEREAS the Court finds that the continued existence and accessibility of the allegedly infringing video can be determined through a limited factual submission without presently resolving any disputed issue concerning infringement, fair use, spoliation, sanctions, or the ultimate enforceability of the subpoenas;

IT IS HEREBOY ORDERED that Doe's Motion is **GRANTED IN PART** as follows:

1.) **Sworn Declaration.** Within seven (7) days of the entry of this Order, Stebbins shall file a declaration under penalty of perjury stating:

a. whether he presently possesses, has custody, of control of, or otherwise has access to a complete copy of the allegedly infringing video underlying the subpoena proceedings;

b. whether, following the computer or file-corruption incident identified in Doe's Motion, he has personally verified that a complete copy of the allegedly infringing video remains accessible;

c. whether he has personally verified that the allegedly infringing video opens and is playable in its entirety;

d. whether he is presently aware of any corruption, truncation, alteration, or loss of accessibility affecting the allegedly infringing video; and

e. if his primary copy is no longer complete or accessible, whether another complete and accessible copy presently exists within his possession, custody, or control.

2.) **Preservation.** Stebbins shall take reasonable steps to preserve all presently existing copies of the allegedly infringing video within his possession, custody ,or control, including any backup copies, pending further Order of the Court.

Nothing in this paragraph prohibits ordinary computer maintenance, legitimate data-recovery efforts, or creation of additional backup copies, provided reasonable steps are taken to preserve the evidentiary integrity of any presently existing copies.

3.) **No Present Finding Concerning Loss or Spoliation.** The Court makes no finding that the allegedly infringing video has been lost, corrupted, destroyed, altered, or rendered inaccessible.

The Court further makes no finding that Stebbins's reported computer or file-corruption incident constitutes spoliation, sanctionable conduct, or loss of relevant electronically stored information.

No adverse inference shall arise merely from the reported computer or file-corruption incident or from entry of this Order.

4.) **No Present Determination of Fair Use or Infringement.** Nothing in this Order constitutes a

determination concerning whether the allegedly infringing video infringes any copyright asserted by Stebbins, whether Doe's use constitutes fair use, or the ultimate merits of any copyright claim.

5.) **Limited Nature of Declaration.** The declaration required in Paragraph 1 need not disclose passwords, credential, the physical location of Stebbins's computer or storage devices, privileged communications, or unrelated information concerning Stebbins's computer systems or files.

6.) **Temporary Stay Upon Denial of Motion to Quash.** In the event the Court denies either pending Motion to Quash before the preservation and accessibility issue addressed by this Order has been resolved, compliance with and enforcement of the affected subpoena, insofar as it would result in disclosure of Doe's identifying information to Stebbins, shall be **STAYED** pending Stebbins's compliance with Paragraph 1 and further Order of the Court.

7.) **If a Complete and Accessible Copy is Confirmed.** If Stebbins confirms under penalty of perjury that he presently possesses or controls a complete and accessible copy of the allegedly infringing video **AND** has personally verified that the video opens and is playable in its entirety, the Court will consider the preservation and accessibility concern raised by Doe's Motion resolved, subject to the preservation obligation imposed by Paragraph 2.

Nothing in this paragraph affects any other argument presently raised in the pending Motions to Quash.

8.) **If a Complete and Accessible Copy Cannot Be Confirmed.** If Stebbins cannot provide the confirmation described in Paragraph 7, Doe may, within (7) days of the filing of Stebbins's declaration, file a supplemental memorandum not exceeding five (5) pages addressing solely the effect of that circumstance upon his pending Motion to Quash.

Stebbins may file a response not exceeding (5) pages within seven (7) days thereafter.

No reply shall be filed absent leave of the Court.

9.) **No Determination Concerning Source of Correspondence.** The Court does not presently determine, and this Order should not be construed as determining, any issue concerning Doe obtained knowledge or a copy of the correspondence identified in his Motion. That issue is

unnecessary to resolution of the limited preservation and accessibility question presented here.

**Remaining Relief.** To the extent Doe's Motion requests relief beyond that expressly granted herein, such relief is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED on this _______ day of ____________________, 2026.**

____________________________________
The Honorable Maryellen Noreika
United States District Judge