UNITED STATES COURT FOR THE DISTRICT OF DELAWARE

DAVID STEBBINS PETITIONER

V Case 1:24-mc-00478

GOOGLE LLC, et al. RESPONDENTS

**REPLY IN SUPPORT OF MOTION FOR LIMITED SUPPLEMENTAL RELIEF**

John Doe ("Doe") d/b/a The Spectre Report, respectfully files this reply in response to Plaintiff David Stebbins's ("Stebbins") Opposition. The Opposition is remarkable not for what it establishes, but rather for what it conspicuously refuses to say: **Stebbins does not state that he presently possesses a complete, accessible, and playable copy of the allegedly infringing video.**

That omission can no longer reasonably be dismissed as an innocent failure to understand Doe's inquiry. Doe's attempt to get an answer before involving the Court, and his subsequent Motion made that unmistakable. Stebbins filed his response, but he does not answer that question. Worse, he devotes a significant portion of his Opposition to rebutting an accusation of intentional spoliation that Doe expressly and unequivocally told this Court he was not making.

The record has therefore materially changed. Stebbins's continued refusal to answer, after the question was squarely presented in a filed motion and after the Motion expressly eliminated the very ambiguity Stebbins now attempts to manufacture, is circumstantial evidence supporting the reasonable inference that he cannot truthfully make the sworn declaration Doe has requested. If Stebbins possessed a copy in the manner in which was requested confirmation of, he could have responded and said he had it. Instead, he has chosen to obfuscate and indeed attempt to shift the burden onto Doe to prove that it was ever in his possession to begin with. That is not how it works. The question was asked because this information would be known only to Stebbins. He has conspicuously chosen not to answer the question.

FILED CLERK US DISTRICT COURT DISTRICT OF DELAWARE 2026 AUG 31 PM 12: 14

## ARGUMENT

### 1. STEBBINS CANNOT PLAUSIBLY CLAIM THAT HE MISUNDERSTOOD THE QUESTION

Doe's Motion could scarcely have been clearer.

Before filing it, Doe specifically asked Stebbins whether he has "personally verified that he continues to possess a complete, accessible, and playable copy of the allegedly infringing video." Stebbins responded, but did not answer.

Doe nevertheless exercised restraint. The Motion **expressly** states:

> "Doe does not ask the Court to infer from Stebbins's failure to answer that the allegedly infringing video has been lost. Doe does not contend that Stebbins's computer problem constitutes spoliation...Finally, Doe does not presently seek sanctions."

ECF 45, at 4.

Elsewhere in the Motion, Doe expressly stated that he "did not accuse Stebbins of spoliation, destruction of evidence, or misconduct." There was therefore no ambiguity for Stebbins to resolve. Doe identified the factual question and expressly identified what he was not alleging.

Nevertheless, Stebbins invokes *Bull v. United Parcel Service, Inc.* and argues that there is "zero evidence" that he "intentionally deleted any files off my hard drive." ECF 46 at ¶4. That may respond to an accusation of intentional spoliation, but it does not respond to Doe.

The distinction is straightforward: Doe asks whether Stebbins presently possesses the video; Stebbins answers Doe cannot prove he intentionally destroyed evidence.

Even accepting his assertion that he intentionally destroyed nothing, it establishes nothing about whether the video survived the catastrophic drive failure. Data loss—accidental or otherwise—is still data loss.

More importantly, Stebbins cannot plausibly attribute this diversion to misunderstanding: the Motion expressly disclaimed the accusation to which he devotes his response. Stebbins has therefore

constructed an allegation Doe told the Court he was not making, then answered the allegation instead of the factual question presented.

## 2. STEBBINS CANNOT SHIFT TO DOE THE BURDEN OF ESTABLISHING WHAT EVIDENCE STEBBINS POSSESSES

Stebbins responds that Doe "has yet to prove that any relevant evidence is or ever was in my control." ECF 46 at ¶3. That argument attempts to turn Doe's Motion on its head.

Doe sought sworn confirmation precisely because Doe cannot know what remains on Stebbins's failed drive, what was recovered from that drive, what backups Stebbins possesses, or what copies may exist. Those are facts uniquely within Stebbins's knowledge and control.

Stebbins knows whether he has the video; Doe does not.

It is therefore no answer to a request that Stebbins confirm what evidence he possesses to insist that Doe prove what evidence he possesses. More fundamentally, Stebbins is the copyright claimant seeking compulsory process to identify the person he accuses of infringement. If his assertion is that Doe has not established that relevant evidence "is or ever was in my control" is intended to encompass the allegedly infringing video itself, that assertion raises a substantially more serious question concerning the evidentiary basis for the infringement allegations upon which his demand to identify Doe rests.

If Stebbins does not intend that statement to encompass the allegedly infringing video, then the statement is simply nonresponsive.

Either interpretation leads to the same place: Stebbins does not say that he has the video.

Nor is Doe attempting to impose upon Stebbins some onerous evidentiary burden. The requested declaration does not require forensic analysis, discovery, an evidentiary hearing, or production of the contents of his devices. Stebbins need only state under oath whether he has personally verified he has a complete and accessible copy. Indeed, Doe's Motion expressly

acknowledged that an affirmative answer would resolve that particular concern.

**Stebbins has instead chosen to litigate everything except the answer.**

However, Stebbins's argument is contrary to authority governing Section 512(h) subpoenas. In *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876 (N.D. Cal. 2022), the court required the party seeking disclosure to make a *prima facie* showing on the merits of the underlying claim before compelled disclosure. See also *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 515–18 (S.D.N.Y. 2022). Recent decisions involving § 512(h) subpoenas to Reddit have likewise applied pre-disclosure scrutiny to the merits, including fair use.

These authorities do not establish a categorical rule that every § 512(h) petitioner produce the allegedly infringing work before obtaining a subpoena. They establish the more fundamental proposition relevant to Stebbins's Paragraph 3 argument: judicial scrutiny of the evidentiary merits preceded unmasking, and the burden rests on the copyright claimant seeking disclosure.

Stebbins cannot invoke § 512(h), demand Doe's identity, refuse to confirm if he has the accused work in his possession, and then insist that it is somehow Doe's burden to prove what evidence "is or ever was" within his control.

## 3. STEBBINS'S FORMAL REFUSAL TO ANSWER NOW SUPPORTS A REASONABLE INFERENCE THAT HE CANNOT TRUTHFULLY PROVIDE THE CONFIRMATION

Doe's Motion expressly declined to ask this Court to draw a negative inference from his pre-Motion responses. At the time, Doe limited their relevance to establishing notice and Stebbins's opportunity to resolve this issue without the Court's intervention.

Stebbins's Opposition materially changes that record.

Before the Motion, Stebbins's refusal to answer could conceivably have been attributed to a misunderstanding, unwillingness to engage with Doe informally, or some other benign explanation.

Those possibilities no longer explain the record.

Stebbins has now read a filed Motion identifying the precise factual question. He has been expressly told that Doe does not allege spoliation. He has been expressly told that Doe does not ask the Court to infer the video was lost. And he has been expressly told precisely what sworn confirmation would resolve the concern.

Stebbins then filed a formal Opposition. **He still did not answer the question.**

If Stebbins has personally verified that he possessed a complete and accessible copy of the allegedly infringing video, the most effective response was also the simplest: just say so. This would have defeated the factual premise of the Motion.

But even if he could not make that declaration, he had an equally simple and entirely innocent response available to him: if his drive was being repaired and was in the possession of a professional who was attempting data recovery, he could have said as much. Such a response would not have established the video was lost; to the contrary, it would have provided an innocent and obvious explanation as to his inability to make such a declaration at this time. Instead, he says nothing.

Instead, Stebbins ignores the factual status of the video altogether and redirects the Court toward whether Doe can prove intentional spoliation—the very accusation that Doe disclaimed. Stebbins then attempts to shift the burden onto Doe to prove that he ever had the video to begin with.

At some point, repeated evasion ceases reasonably to be attributable to misunderstanding. **That point has now been reached**.

Doe is no longer asking the Court to draw an inference merely because Stebbins refused to answer informal correspondence. Stebbins has now been presented with a formal Motion that removed any plausible ambiguity concerning what was being asked and what was being disclaimed. Stebbins filed his opposition not answering what was asked, and responding precisely to what wasn't alleged against him.

Under these circumstances, Stebbins's continual non-answer is no longer a neutral omission. It

is evidence the Court may consider in determining whether irreversible disclosure of Doe's identity should proceed for copyright infringement allegations he seems unable or unwilling to provide an answer to concerning the key evidence he would need to prosecute his claim.

## 4. STEBBINS'S RECENT LITIGATION DEMONSTRATES WHY HIS SUBSTITUTION OF "INTENT" FOR "FACT" SHOULD NOT BE ACCEPTED

Stebbins's Opposition also makes his recent response in *David A Stebbins v. CMDR Imperial Salt*, 8:24-cv-01486, (C.D. Cal.) (The "Jones" case) relevant for a narrow purpose that did not exist when the Motion was filed. Doe does not offer this litigation to argue that Stebbins should be disbelieved merely because another court previously questioned his factual representations. Its relevance is instead that manner in which Stebbins responds to an objectively ascertainable factual problem.

In *Jones*, Stebbins represented that PayPal deducted merchant fees from settlement payments he received. When that factual representation became the subject of an Order to Show Cause, Stebbins redirected the issue toward whether he had **knowingly** made a false factual statement. *id.,* at dkt. 141. Stebbins further argued that FRCP 11(b)(3) did not require his factual statements to be "objectively true". He then admitted:

> "I never checked whether Jones's payments had fees deducted from them or not[.]"

See dkt. 141 at ¶15.

The similarity in argument structure is difficult to ignore. In *Jones*, the objective question—were fees actually deducted?—became an argument over whether Stebbins knowingly made a false statement. Here, the objective question—does Stebbins currently possess the video?—becomes an argument over whether Stebbins has intentionally destroyed evidence.

In both instances, Stebbins attempts to turn an argument concerning a substantive answer to an objective question into an argument over subjective culpability. The Court should require the facts, not

Stebbins's preferred substitute.

## 5. THE AVAILABILITY OF THE ACCUSED WORK MATTERS AS TO THE VIABILITY OF THE INFRINGEMENT ALLEGATIONS

The allegedly infringing video is not peripheral evidence. As Doe's Motion explained, it is **the** evidence upon which the infringement claim is based, and which the subpoenas that are seeking to be quashed are similarly based upon.

Without that video, Stebbins cannot substantiate his claims of Doe "copying literally 100%" of his copyrighted work. He cannot substantiate how much was actually used. Likewise, the purpose and character of Doe's use, the surrounding commentary, the manner in which the material appeared, and the context necessary to evaluate fair use all depend on that video.

Stebbins's Opposition does not address this, and instead states that "the subpoenas should still issue all the same." However, the matters are no longer "the same".

That video, as stated previously by Doe, is **the** central evidence that is necessary to proceed in a copyright infringement claim. Since neither Rumble nor Doe have a copy, it was on Stebbins to provide it. He refuses to answer if he had it prior to the drive failure, and he refuses to answer if he has it now. Those refusals can no longer be construed as innocent oversights, but rather plainly intentional.

The Court should not, therefore, have Doe's identity irreversibly disclosed based on characterizations of the video rather than the video itself.

## 6. DECLARATION IS NO LONGER AN APPROPRIATE REMEDY

Previously Doe requested a sworn declaration, under penalty of perjury, that Stebbins possesses a complete, unaltered, accessible, and playable copy of the allegedly infringing video. As stated, the refusal to answer that question and turn the argument into something else points to something else entirely. Doe seeks to modify that requested remedy.

Doe respectfully requests the Court not only require the declaration, but also require a copy of

the video itself be provided either to the Court for *in camera* review, or for another objective party to verify it is in fact intact.

As previously described in the Motion to Quash, Stebbins has a history of misrepresenting evidence. In *Stebbins v. Google LLC,* 3:23-cv-00322, (N.D. Cal.), Stebbins was ordered to show cause as to why he didn't delete an audio recording of a conference between himself and opposing legal council. Stebbins responded by including a URL to a video that he claimed proved he did so, but modified folder dates showed that were after the computer clock's time. Coupled with the *Jones* case above, it shows Stebbins has a history of making claims about evidence that do not hold up.

Similarly, in *Stebbins v. Alphabet Inc.,* 4:22-cv-00546, (N.D. Cal.) the court found that Stebbins's "attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the court system." *id.,* dkt. 20 at 4.

Indeed, in the litigation that brought this to the fore, Stebbins did not even tell the opposing party's counsel the extent to which the drive had failed, speaking only to his PDF files. It was only later that he told the Court it was a complete failure. It's possible that Stebbins didn't fully grasp the severity of what had happened, but Stebbins's history shows a willingness to not be truthful if he sees a benefit to himself.

Requiring independent, objective confirmation of the authenticity and status of the video, in light of the refusal to answer the question multiple times, is a proper remedy given Stebbins's flexibility with regards to his integrity with his claims to Courts.

## CONCLUSION

Stebbins's Opposition does not resolve Doe's Motion. Indeed, **it strengthens it.**

Stebbins was asked repeatedly if he had confirmed he still possessed a complete, unaltered, playable, and accessible copy of the allegedly infringing video after the drive failure. Instead, Stebbins attacked an accusation Doe never made, and indeed had expressly disclaimed.

If he possesses the video, he could have simply said so. If recovery is ongoing, he could have said that. He could have worked with Doe before Court intervention was requested, as Doe attempted to do with him, before Doe was placed in the unenviable position of possibly wasting the Court's limited time and resources to get a simple straight answer.

Stebbins is the reason this Motion exists. His claims of frivolity fail as a matter of common sense: his refusal to answer the question necessitated this Motion. A question on the continued existence of **key evidence**—assuming it ever existed in the first place—cannot be considered frivolous, and Stebbins's continued attempts to characterize Doe's attempts to quash the subpoena and get those answers as frivolous do not detract from the valid points that are made clearly. If that video no longer exists, then it is difficult—if not impossible—to see how Stebbins could pursue his copyright infringement claim.

Nor does Stebbins's attempt to substitute objective reality for one that only exists in his own telling change the record before this Court: he had a chance to fix this and chose not to. He continues to be evasive with an answer and shift the blame onto other people, ignoring that his own actions are the root cause for this. He responds as though Doe accuses him of intentional spoliation, when the Motion specifically declines to make that accusation. Stebbins cannot rewrite Doe's Motion just because it makes it easier for him to respond to. **The docket says what it says.**

*Alea iacta est.* Stebbins has made his decision and now must live with it.

SIGNED ON THIS DAY, August 27, 2026.

/s/John Doe
John Doe
specrereportlegal@gmail.com